IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00425-BNB

KIET TRI TU,

Applicant,

v.

J. M. WILNER, Warden, FCI-Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 25 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution at Florence, Colorado. Applicant has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an immigration detainer filed against him by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement. The Court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Applicant alleges that he pled guilty to a drug offense in the United States District Court for the Central District of California and that he currently is serving a sentence of forty-six months in prison. Applicant further alleges that, although he is a naturalized

citizen of the United States, immigration officials have issued a detainer that restricts his liberty and precludes him from participating in numerous BOP reentry and substance abuse treatment programs. In particular, Applicant contends that the immigration detainer prevents him from completing phase two of the BOP's Residential Drug Abuse Program, which in turn prevents him from seeking a sentence reduction that is available to certain inmates who successfully complete that program. *See* 18 U.S.C. § 3621(e)(2)(B). As relief Applicant asks the Court to issue an order directing Respondent to quash the immigration detainer and place Applicant in a facility that will allow him to complete phase two of the BOP's Residential Drug Abuse Program.

Pursuant to 28 U.S.C. § 2241(c), Applicant may challenge the immigration detainer only if is in custody pursuant to that detainer. Applicant apparently believes that he is in custody for the purposes of his claim challenging the immigration detainer based solely on the existence of the immigration detainer. However, the fact that immigration officials have issued a detainer is not sufficient, by itself, to satisfy the custody requirement. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). Applicant does not allege that immigration officials have taken any action with respect to his immigration status other than issue a detainer. Therefore, the Court finds that Applicant is not in custody pursuant to the immigration detainer lodged against him and, as a result, his claim challenging the immigration detainer must be dismissed.

Construing the application liberally, it is possible that Applicant is asserting a separate and distinct claim challenging the BOP's failure to place him in a facility that would allow him to complete phase two of the Residential Drug Abuse Program. If Applicant is asserting such a claim, the Court finds that the claim must be dismissed

because the claim may not be asserted in a habeas corpus action. An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenges the execution of a prisoner's sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Section 2241 applications are not used to challenge the conditions of a prisoner's confinement. *See McIntosh*, 115 F.3d at 812.

Assuming Applicant is challenging the BOP's failure to place him in a facility that would allow him to complete phase two of the Residential Drug Abuse Program, that claim challenges the conditions of his confinement rather than the execution of his sentence. *See Beckley v. Miner*, 125 F. App'x 385, 388-89 (3d Cir. 2005). Transferring Applicant to a facility that would allow him to participate in phase two of the Residential Drug Abuse Program will not affect the length of his sentence because, even if Applicant successfully completes the Residential Drug Abuse Program, the BOP retains "complete discretion to require [Applicant] to serve his full sentence." *Id.* at 388. Therefore, if Applicant wishes to pursue a claim that he is entitled to a transfer to another facility, he must file a separate civil action. The Court expresses no opinion on the merits of such a claim.

For all of the reasons discussed in this order, the instant action will be dismissed. Accordingly, it is

3

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 25 day of March, 2009.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00425-BNB

Kiet Tri Tu
Reg. No. 43018-112
FCI - Florence
PO Box 6000
Florence, CO 81226-6000

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/25/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk